**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Sacha Lea Moore,**

**Plaintiff,**

**v.**

**Commissioner of Social Security,**

**Defendant.**

**Case No. 2:14–cv–911**

**Judge Michael H. Watson**

**Magistrate Judge Kemp**

## OPINION AND ORDER

Plaintiff objects to the Report and Recommendation ("R&R") that Magistrate Judge Kemp issued in this social security case, ECF No. 17, which recommends overruling Plaintiff's Statement of Errors and entering judgment in favor of Defendant. ECF No. 18. For the following reasons, the Court overrules Plaintiff's objections.

## I. BACKGROUND

In August 2011, Plaintiff applied for disability insurance benefits and supplemental security income, claiming that she is unable to work due to limitations arising out of, inter alia, bipolar disorder, post-traumatic stress disorder, and anxiety disorder. Her claim was denied initially and upon reconsideration, and on May 8, 2013, the Administrative Law Judge ("ALJ") denied her application as well. The Appeals Counsel denied review, and on May

30, 2014, the ALJ's decision became the Commissioner of Social Security's ("Commissioner") final decision.

Plaintiff filed the instant action on July 21, 2014, seeking review of the Commissioner's decision. On July 17, 2015, Magistrate Judge Kemp issued an R&R recommending the Court overrule Plaintiff's Statement of Errors and find in favor of the Commissioner. Plaintiff objected to that recommendation on July 30, 2015.

## II. STANDARD OF REVIEW

Magistrate Judge Kemp issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III. ANALYSIS

In her statement of errors, Plaintiff claimed that the ALJ erred in affording only minimal weight to the treating source opinions of Dr. Meiring and Dr. Stearns, arguing that the ALJ's reasons justifying the weight afforded are not supported by the record. Magistrate Judge Kemp disagreed, finding that the record supports the ALJ's articulated reasons for according minimal weight to Dr. Meiring's and Dr. Stearns' opinions. Plaintiff objects.

Generally, a treating physician's opinion on the issue of disability is entitled to greater weight than that of a physician who examined the plaintiff on only one occasion or who has merely conducted a paper review of the medical evidence of record. *Hurst v. Schweiker*, 725 F.2d 53, 55 (6th Cir. 1984); 20 CFR 404.1527(c). If the treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it is given controlling weight. 20 C.F.R. § 416.927(c)(2).

In the event that an ALJ does not give a treating source's opinion controlling weight, the ALJ evaluates all the medical source evidence and determines what weight to assign each source, including treating sources. 20 C.F.R. § 416.927(c). The ALJ considers: the length of the relationship and frequency of examination; the nature and extent of the treatment relationship; how well-supported the opinion is by medical signs and laboratory findings; its consistency with the record as a whole; the treating source's specialization; other factors such as the source's familiarity with the Social Security program and understanding of its evidentiary requirements; and the extent to which the source is familiar with other information in the case record relevant to the decision. 20 C.F.R. § 416.927(c)(1)–(6). In evaluating a treating physician's opinion, the Commissioner may also consider evidence of the claimant's daily activities. *See Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994).

An ALJ must provide good reasons for the weight given to a treating doctor's opinion, which means the decision denying benefits must make clear the weight the ALJ gave the treating source's opinion and the reasons for that weight. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

**A. Dr. Meiring**

Dr. Meiring was Plaintiff's general practitioner. In evaluating Plaintiff's psychological capacity, he concluded that she had many moderate to marked limitations. AR 340–41. Her marked limitations included her ability to deal with the public, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, and understand, remember, and carry out complex or detailed job instructions. *Id.* He opined that due to these limitations, it would be difficult for her to perform most jobs, but he anticipated that she would improve with continued psychiatric treatment. AR 342.

The ALJ gave Dr. Meiring's opinion minimal weight for two reasons: (1) Dr. Meiring is not a mental health professional, and (2) Dr. Meiring's opinion is inconsistent with the evidence of Plaintiff's daily activities, which suggest a much higher level of adaptive functioning. AR 28.

After noting that Dr. Meiring is not a mental health expert, Magistrate Judge Kemp found that the ALJ did not err in affording Dr. Meiring's opinion little

weight given its inconsistency with the evidence of Plaintiff's daily living activities. R&R 13, ECF No. 17.

Plaintiff objects to this finding. She first contends that Dr. Meiring's opinion is adequately supported by medically acceptable clinical and diagnostic techniques. She next points to the fact that although Dr. Meiring is not a mental health professional, he evaluated Plaintiff in a clinical setting over a long period of time. She finally contends that by asserting that the limitations expressed in Dr. Meiring's opinions are inconsistent with Plaintiff's daily activities, the ALJ improperly equated the performance of routine daily activities with the demands of full time, competitive work and failed to consider the likelihood that Plaintiff's condition would deteriorate under the stress of a competitive work setting.

Plaintiff's argument is not well taken. Even assuming Dr. Meiring's opinion is supported by medically acceptable techniques, it is still inconsistent with other evidence in the record. For example, Dr. Meiring's finding that Plaintiff is markedly limited in functioning independently and maintaining attention and concentration are inconsistent with the fact that she drives her children to and from school daily, sometimes cleans and cooks, does laundry and other household chores, grocery shops with assistance, sometimes attends school functions, and uses a computer. AR 63, 223, 257–58, 330. As Magistrate Judge Kemp correctly explained, although the activities themselves may not establish Plaintiff's ability to perform full-time competitive work, it remains that they are not

completely consistent with the marked restrictions found by Dr. Meiring. Further, once the ALJ determined Dr. Meiring's opinion should not be given controlling weight, the ALJ was entitled to afford it minimal weight given the fact that Dr. Meiring is a primary care physician and not a mental health specialist, even considering the length of his treatment of Plaintiff. *See* 20 C.F.R. § 416.927(c). Accordingly, Plaintiff's objection is overruled.

**B. Dr. Stearns**

Dr. Stearns was Plaintiff's treating psychiatrist. He assessed Plaintiff's mental capacity and determined that she was either markedly or completely limited in her performance of every function related to working. AR 417, 420.

The ALJ gave Dr. Sterns' opinion minimal weight, noting that it is inconsistent with Plaintiff's treatment history, which was sporadic, inconsistent, and nonaggressive. AR 28. He also noted that Dr. Sterns' course of treatment—therapy and medication management—is inconsistent with what would be expected if Plaintiff were truly disabled. AR 28.

Magistrate Judge Kemp found that while the ALJ's reasons for giving only minimal weight to Dr. Stearns' opinion were terse, they were adequately supported by the record. R&R 12, ECF No. 17.

Plaintiff objects. She points out that Dr. Stearns evaluated Plaintiff in a clinical setting on more than one occasion and takes issue with the ALJ's determination that Dr. Sterns' course of treatment, which consisted of therapy

and medication management, "is not consistent with what one would expect if the claimant were truly disabled":

> The ALJ does not define what type of treatment he would expect to see in the case of a psychologically disabled claimant, but inasmuch as he regards therapy and medications to be inadequate, he seems to imply that the claimant must be institutionalized or in a long term inpatient setting. This flies in the face of common sense and medically accepted treatment practices.

Obj. 3, ECF No. 18.

Plaintiff's argument is not well taken. Even assuming the ALJ incorrectly determined that *Dr. Sterns' course of treatment* was not consistent with his findings of severe mental impairment, Plaintiff has not shown that the ALJ erred in finding that *Plaintiff's treatment history in general* is not consistent with Dr. Sterns' findings of severe mental impairment. That treatment history reflects noncompliance with medications and recommendations to seek treatment from mental health professionals. AR 299, 409. The ALJ was entitled to rely on this inconsistency to decide not to give Dr. Stearns' opinion controlling weight. He was thereafter entitled to afford the opinion minimal weight given Plaintiff's short treatment history with Dr. Stearns. *See* 20 C.F.R. § 416.927(c). As such, Plaintiff has failed to establish that Magistrate Judge Kemp erred in finding that substantial evidence supports the ALJ's determination to afford the opinion minimal weight.

Plaintiff's remaining objection addresses the ALJ's treatment of both Dr. Meiring's and Dr. Stearns' opinions. In discussing both opinions, the ALJ noted that they may be "based on the individual's subjective complaints as opposed to an opinion based on purely objective findings." AR 32.

With respect to the opinions of both Dr. Meiring and Dr. Sterns, Plaintiff takes issue with the ALJ's criticism of the fact that they may be based on Plaintiff's subjective complaints given that psychiatric conditions are diagnosed and treated by evaluating an individual's subjective complaints rather than by typical objective testing.

Plaintiff's argument is not well taken. The ALJ explained in his opinion that "there exist good reasons for questioning the reliability of [Plaintiff's] subjective complaints," AR 26, and Plaintiff does not challenge Magistrate Judge Kemp's finding that the ALJ did not improperly evaluate her credibility, R&R 14–16, ECF No. 17. Accordingly, the ALJ did not err in considering the extent to which Dr. Meiring's and Dr. Stearns' opinions were based on Plaintiff's subjective complaints in determining to afford the opinions minimal weight.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 18, and **ADOPTS** the R&R, ECF No. 17. The Clerk shall enter judgment in favor of Defendant and terminate the case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**